NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3854
_____

UNITED STATES OF AMERICA

v.

WILSON HERRERA,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-15-cr-153-006)
District Judge: Hon. Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2017

Before: CHAGARES, JORDAN, and NYGAARD, *Circuit Judges.*

(Filed: September 20, 2017)
_____

OPINION[*]
_____

JORDAN, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Wilson Herrera appeals the judgment of sentence entered after his guilty plea. Because he waived his appellate rights, we will dismiss the appeal.[1]

On March 22, 2016, Herrera pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram and More of Heroin and Five Kilograms and More of Cocaine Hydrochloride, in violation of 21 U.S.C. § 841 and 846. The written plea agreement advised that "[t]he maximum penalty for [the] offense is imprisonment for a period of life[.]" (Supp. App. 1.) The agreement also contained a waiver of appellate rights. That waiver stated: "The defendant is aware that ... [he has] the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional ... ." (Supp. App. 24.)

On September 30, 2016, the District Court sentenced Herrera to 120-months' imprisonment (the statutory minimum), a fine of $1,000, a special assessment of $100, and five years of supervised release. Despite waiving his right to appeal, Herrera now argues that the District Court erred in denying his request for a "safety valve" downward departure based on 18 U.S.C. § 3553(f)(2) and § 5C1.2 of the United States Sentencing Guidelines.

"If done knowingly and voluntarily, a statutorily created right to appeal is generally held to be waiveable." *United States v. Khattak*, 273 F.3d 557, 561 (3d Cir.

_____

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2001). Herrera does not argue that his waiver was anything other than knowing or voluntary, nor could he – the District Court engaged in a thorough colloquy at the change-of-plea hearing. During that exchange, the District Court asked: "Do you understand that this plea agreement contains an appeal waiver, which would severely limit your rights to bring a direct appeal?" (Supp. App. 42.) Herrera responded, "Yes." (*Id.*) The Court then read the full text of the waiver provision from the plea agreement and asked Herrera "Do you understand the nature and scope of this appeal waiver?" (*Id.* at 42-43.) Once again, Herrera responded "Yes." (*Id.* at 43.) The plea colloquy leaves no doubt that Herrera knowingly and voluntarily waived his right to appeal.

Finally, Herrera does not argue that enforcement of the waiver would result in a "miscarriage of justice," *Khattak*, 273 F.3d at 563, or that the waiver is otherwise unenforceable or permits this appeal. Accordingly, "[w]e will enforce [Herrera's] waiver of his right to appeal[,]" *id.*, and will dismiss.